BENAVIDES, Circuit Judge,
concurring in the judgment of the court:
Although I concur in the judgment of the court, I write separately to emphasize what we do not decide today — i.e., whether a federal habeas court can conduct harmless error analysis when reviewing a death sentence from a weighing state. Although I recognize that this court has implicitly held that a federal habeas court cannot conduct such an analysis, see Wiley v. Puckett, 969 F.2d 86, 94 (5th Cir.1992), this court has not revisited the issue since the Supreme Court’s decision in Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993). In Brecht, the Supreme Court held that a federal court can grant a writ of habeas corpus only if it finds that the alleged constitutional error “ ‘had a substantial and injurious effect or influence in determining the jury’s verdict.’ ” 507 U.S. at 637, 113 S.Ct. at 1722 (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). Although this court has not revisited the issue, at least three courts of appeals have interpreted Brecht as authorizing federal habeas courts to conduct harmless error analysis when reviewing a death sentence from a weighing state. See, e.g., Davis v. Executive Director of Dep’t of Corrections, 100 F.3d 750, 768 n. 18 (10th Cir. 1996), cert. denied, — U.S. —, 117 S.Ct. 1703, 137 L.Ed.2d 828 (1997); Williams v. Clarke, 40 F.3d 1529, 1539-40 (8th Cir.1994); Smith v. Dixon, 14 F.3d 956 (4th Cir.1994) (en banc). The facts of this ease, however, do not require that we revisit Wiley either explicitly or implicitly. Accordingly, I note that the majority’s statement that “[i]n a ‘weighing state’ the jury’s consideration of an unconstitutionally vague factor at the final stage of death penalty proceedings violates the defendant’s constitutional rights under the Fourteenth Amendment and requires that a resulting death penalty be vacated, unless a state appellate court has cured the defect by reweighing the valid factors or conducting a harmless error analysis,” Maj. Op. at 281 (emphasis added), is not necessary to the decision before the court.